OPINION
{¶ 1} Keith Howard appeals from his conviction and sentence following a guilty plea to one count of receiving stolen property.
 {¶ 2} Howard advances two assignments of error on appeal. First, he contends the trial court erred in ordering him to pay restitution in an undetermined amount. Second, he advances an ineffective assistance of trial counsel claim based on his attorney's failure to object to the restitution order.
 {¶ 3} The record reflects that the trial court sentenced Howard to nine months in prison. At the sentencing hearing, the trial court also ordered him to pay "restitution in an undetermined amount." The restitution component of Howard's sentence appears to have been part of a negotiated plea agreement.
 {¶ 4} In his first assignment of error, Howard cites case law for the proposition that a trial court must determine the amount of restitution at the sentencing hearing. He also argues that a trial court commits plain error by ordering restitution without determining a specific amount. Because the trial court ordered restitution in an undetermined amount and failed to hear evidence on the amount of the victim's economic loss, Howard argues that the restitution order must be vacated. For its part, the State concedes that further proceedings are needed for the trial court to set a specific amount of restitution. Accordingly, the State asks us to remand the cause for determination of a proper amount of restitution.
 {¶ 5} Upon review, we agree with Howard that the trial court committed plain error by failing to order restitution in a specific amount. See State v. Clark (June 19, 1998), Greene App. No. 97 CA 27. We also agree with the State that the proper remedy is to remand the matter to the trial court for a hearing to determine the amount of restitution. We reached the same conclusion in Clark, a case in which the trial court ordered restitution in an undetermined amount following the defendant's guilty plea. See also State v. Back, Butler App. No. CA2003-01-011, 2003-Ohio-5985. Accordingly, we sustain Howard's first assignment of error, insofar as he contends the trial court erred in failing to order a specific amount of restitution.
 {¶ 6} In his second assignment of error, Howard argues ineffective assistance of counsel based on his attorney's failure to object to the indefinite restitution order. Because we are sustaining Howard's first assignment of error under plain-error review
 {¶ 7} and remanding the cause for the trial court to set a specific amount of restitution, we overrule this assignment of error as moot.
 {¶ 8} Having sustained Howard's first assignment of error, we reverse the trial court's judgment and remand the cause for the sole purpose of setting a specific amount of restitution as part of Howard's sentence.
Judgment reversed and cause remanded for re-sentencing.
Wolff, J., and Young, J., concur.