JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Charles Slagle, appeals his plea and sentence in case numbers CR-468756 and CR-469897. For the reasons set forth below, we affirm the plea, vacate the sentence, and remand for resentencing.
 {¶ 2} Appellant was indicted in case number CR-468756 on two counts of theft. Count one was a fifth degree felony and count two was a fourth degree felony. Appellant was also indicted in case number CR-469897 on two counts of theft. Count one was a fourth degree felony and count two was a fifth degree felony.
 {¶ 3} The charges in both cases resulted from thefts appellant committed from the accounts of two deceased individuals. In particular, appellant, an employee of Advanced Ambulance Services, stole credit and debit cards from the deceased individuals when he went to pick up their bodies for transport to the Cuyahoga County Coroner's Office. Appellant stole $21,614 from the victim in case number CR-468756 and $11,000 from the victim in case number CR4-69897.
 {¶ 4} After negotiations with the State, appellant pleaded guilty to both counts in case number CR-468756, and count one, theft, a fourth degree felony, in case number CR-469897. Count two of case number CR-469897 was nolled. As part of the plea agreement, appellant agreed to pay $33,614 in restitution to the victims' estates and/or financial institutions. There was no agreement between appellant and the State as to sentencing. After advising appellant of his rights pursuant to Crim.R. 11 and ensuring that he understood same, the court found that appellant's plea was knowing, intelligent and voluntary.
 {¶ 5} Appellant was subsequently sentenced to the maximum 18 months on each of the two fourth degree felony theft charges and to the minimum 6 months on the fifth degree felony theft charge. The 6 and 18 month sentences in case number CR-468756 were ordered to be served consecutively to each other and concurrently with the 18 month sentence in case number CR-469897. Thus, appellant was sentenced to a total 24 month prison term.
 {¶ 6} In his first assignment of error, appellant contends that the trial court failed to substantially comply with Crim.R. 11 in accepting his plea. In particular, appellant argues that the trial court erred by not advising him that he could be sentenced to consecutive prison terms and by failing to advise him of the penalties for the fourth degree felonies.
 {¶ 7} In State v. Kerin, Cuyahoga App. No. 85153,2005-Ohio-4117, this court held that "[t]he `failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary.'" Kerin, at ¶ 8, quoting State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295, at syllabus. Appellant's argument relative to the trial court's failure to advise him of the possibility of consecutive sentences therefore is without merit.
 {¶ 8} In regard to his second argument, relative to the advisement of the potential penalties for the fourth degree felonies, the court informed appellant that those charges were punishable by a prison term "of between 6 and 18 months." It appears that appellant's point of contention in this regard is that the trial court did not state every month in the range "of between 6 and 18 months." Specifically, appellant argues that "the Court did not inform [him] that he could receive a sentence of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months, for the felony of the fourth degree. While the Court stated a sentence punishable by a prison term `of between 6 and 18 months', the court failed to adequately inform Defendant of the potential penalties pursuant to R.C. 2929.14." Appellant's argument is without merit; the court informed him of the potential penalties for the fourth degree felony charges.
 {¶ 9} Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} In his second and third assignments of error, appellant argues that the trial court erred by sentencing him to the maximum sentence and relying on the victim impact statements to find that he committed the worst form of the offense, respectively.
 {¶ 11} In the recently decided case of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code violated the Sixth Amendment and the U.S. Supreme Court's holding in Blakely v. Washington (2004), 542 U.S. 296. Among the sections the court found unconstitutional were R.C. 2929.14(C) governing maximum sentences and R.C. 2929.14(E)(4) governing consecutive sentences. Foster at paragraphs one and three of the syllabus.
 {¶ 12} The Foster court found that the previously mentioned sentencing provisions, among others, violated the Sixth Amendment because they required a judge to engage in fact-finding before imposing a sentence greater than the maximum term authorized by a jury verdict or a defendant's admissions. Id. at ¶ 83. As the court stated, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ¶ 82, citing United States v. Booker
(2005), 543 U.S. 220.
 {¶ 13} The Foster court determined that the above mentioned provisions were severable from the sentencing code. Foster at paragraphs two and four of the syllabus. Having severed the provisions, the court determined that judicial fact-finding was no longer required prior to the imposition of a maximum or consecutive sentence. Foster at paragraphs two and four of the syllabus.
 {¶ 14} Due to the unconstitutional sentencing provisions that were applied, the Foster court determined that the four cases it was reviewing in its opinion, in addition to "those pending on direct review," must be remanded for resentencing. Id. at ¶ 104. The court stated that the sentencing courts "shall consider" on resentencing those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range. Id. at ¶ 105.
 {¶ 15} Based on Foster, we sustain appellant's second assignment of error and remand this case for resentencing consistent with Foster.
 {¶ 16} In State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, decided the same day as Foster, the Supreme Court of Ohio held that the portions of the sentencing code to be considered include the purposes of felony sentencing in R.C.2929.11, and the seriousness and recidivism factors in R.C.2929.12. Mathis at ¶ 38. The court must also consider the record, any information presented at the sentencing hearing, any presentence investigation report, and any victim impact statement. R.C. 2929.19(B)(1); Mathis at ¶ 37. We therefore find appellant's argument that the trial court erred in relying on the victim impact statements without merit and overrule appellant's third assignment of error.
Finding of guilt affirmed; sentence vacated; case remanded for resentencing.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur.