OPINION
{¶ 1} Appellant, Elizabeth P. Morgan ("Morgan"), appeals her sentencing order from the Lake County Common Pleas Court on the basis that her more-than-the-minimum sentence was erroneous and that the amount of restitution ordered was not properly substantiated.
 {¶ 2} In light of the recent case of State v. Foster, we reverse and remand this matter for resentencing.[1] We affirm that part of the order dealing with restitution.
 {¶ 3} Morgan was charged by way of a bill of information for one count of grand theft, a violation of R.C. 2913.02(A)(1), and a felony of the fourth degree.
 {¶ 4} The allegations against Morgan were that between December 1, 2004 and February 28, 2005, she stole money and jewelry from her employer in Kirtland, Ohio. Commencing in October 2003, Morgan worked as a nanny for the victim's two daughters. During the time period alleged in the bill of information, she stole money and jewelry from a lockbox the victim kept in her house.
 {¶ 5} At the sentencing hearing, the victim testified that the cash in the lockbox was from savings accumulated over a seventeen-year period. The money came from cash gifts from her mother and grandmother or extra money from her paycheck. She stated that she loaned Morgan $500 in cash in October 2004, and, at that time, after making the loan, she counted the cash in the lockbox. The victim testified as follows:
 {¶ 6} "[Prosecutor:] How much was in there?
 {¶ 7} "[Victim:] There was a little over 50,000.
 {¶ 8} "[Prosecutor:] How much was in there the day you went and retrieved that $500.00?
 {¶ 9} "[Victim:] When I went down to get the loan for [Morgan], I counted it and there was about 50,700 roughly. I kept — I wanted to make it an even 50,000 so I gave her 500 and kept out a couple hundred."
 {¶ 10} The victim further testified that she did not keep track of the money in the lockbox between that day in October 2004 and January 2005.
 {¶ 11} The next time the victim went into the lockbox was in January 2005, and all but $10,000 of the money was gone. The victim did not call the police at this time, but, instead, moved the lockbox to another location in the house. On February 28, 2005, the lockbox was missing from the other location, and this time the victim called the police.
 {¶ 12} The victim stated that Morgan returned $340 in cash to her on February 28, 2005, after Morgan admitted to stealing cash from her.
 {¶ 13} The victim's mother also testified at the sentencing hearing. When asked whether she knew how much money was in the lockbox, she stated that she did and that "[t]here was at least $50,000. Maybe, you know, a few hundred dollars more." The victim's mother said she knew how much was in the lockbox, because she helped her daughter count it in the summer of 2004. She also testified that she gave her daughter $50 to $100 at least twice every month, which she knew her daughter would put into the lockbox.
 {¶ 14} The state of Ohio introduced evidence that Morgan made deposits into her checking and savings accounts in the amount of $14,266.87 between September 2004 and February 2005 and that Morgan had returned to the victim the amount of $3,760. The state of Ohio, therefore, based upon the testimony of the victim and her mother, requested the trial court to order restitution in the amount of $46,240, the difference between $50,000 and the amount that was returned to the victim. Morgan only admitted to taking $8,000 in cash.
 {¶ 15} On July 26, 2005, the trial court sentenced Morgan to a prison term of fifteen months. In doing so, it made a finding pursuant to R.C. 2929.14(B) that the shortest prison term would demean the seriousness of the offense. It also ordered Morgan to make restitution to the victim in the amount of $46,240. Morgan filed a timely appeal from the sentencing order.
 {¶ 16} On appeal, Morgan has raised three assignments of error, which are as follows:
 {¶ 17} "[1.] The trial court erred to the prejudice of the defendant-appellant in determining the amount of restitution.
 {¶ 18} "[2.] The trial court erred to the prejudice of the defendant-appellant in ordering a term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts.
 {¶ 19} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum sentences [sic] based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 20} We shall first consider Morgan's first assignment of error, dealing with the order of restitution.
 {¶ 21} The standard of review to consider the correctness of a restitution order appears to be a departure from the usual rule that felony sentences are reviewed de novo.[2] There are appellate decisions in this area that speak in terms of an abuse of discretion standard to review a restitution order.[3]
However, R.C. 2953.08(G)(2) ("[t]he appellate court's standard of review is not whether the sentencing court abused its discretion") negates this standard of review. The most widely held view among appellate courts is that "[t]here must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty."[4] Our review of the restitution order, therefore, will examine whether there was competent, credible evidence to support the trial court's order of restitution.
 {¶ 22} Restitution is based upon the victim's economic loss. R.C. 2929.18(A)(1) provides, in pertinent part:
 {¶ 23} "Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount."
 {¶ 24} In this case, the amount of restitution was disputed. The trial court conducted a hearing to determine the amount of restitution. The prosecutor summed up the evidence presented to the trial court on this point:
 {¶ 25} "Judge, the State would simply note for the Court that pursuant to [R.C. 2929.18(A)(1)], that when determining restitution, the Court looks to what competent, credible evidence is presented. The statute allows you to look at the amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing the property, and any other information. [The victim] testified as to the amount of money that was in the box. Her mother testified as to the amount of money that was in the box. There was $50,000 in there according to her. Savings she [counted] out when she gave [Morgan] a loan. Kept, I believe she said, $200.00 for herself so that she had an even [$50,000] in that box."
 {¶ 26} Thus, there was direct testimony from the victim and the victim's mother to support the amount of the monetary loss. The victim's testimony was consistent with her statement to the probation department in the preparation of the presentence investigation report.
 {¶ 27} In the case of In re Hatfield, the Fourth Appellate District dealt with a case with facts very similar to this case.[5]
 {¶ 28} In the Hatfield case, a juvenile who was later adjudged to be delinquent stole cash from the victim's safe. The victim testified that the safe contained $100,000 in cash that she had accumulated over twenty-five years. After recouping some of the money, the trial court order the juvenile to make restitution in the amount of $74,800.[6]
 {¶ 29} On appeal, the appellant argued that, without any documentation to substantiate the loss, the order of restitution was speculative and arbitrary. However, the court of appeals held as follows:
 {¶ 30} "[The Ohio] cases have stated that the victim may establish the loss through documentary evidence or testimony. No absolute requirement exists that the victim demonstrate the loss through documentary evidence, and we see no valid reason for imposing such a requirement."[7]
 {¶ 31} In the instant case, we find that there was competent, credible evidence to support the trial court's order of restitution for $46,240.
 {¶ 32} The first assignment of error is without merit.
 {¶ 33} In her third assignment of error, Morgan challenges her more-than-the-minimum sentence. The minimum sentence for a fourth-degree felony is six months.[8] Morgan received a more-than-the-minimum sentence of fifteen months.
 {¶ 34} In State v. Foster, the Supreme Court of Ohio held that, insofar as R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding in order to impose a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional.[9]
 {¶ 35} Though Morgan made no objection to her sentence in the trial court, this court is permitted to notice plain errors committed in the trial court and urged for the first time on appeal "under exceptional circumstances and only to prevent a manifest miscarriage of justice."[10]
 {¶ 36} At the sentencing hearing, the trial court made findings, pursuant to R.C. 2929.14(B), in order to increase Morgan's sentence to a more-than-the-minimum sentence. No admissions were made by Morgan that would have increased her sentence to a more-than-the-minimum sentence. Therefore, Morgan's sentence must be reversed, and this matter must be remanded for resentencing, because the sentence was based upon judicial factfinding, which the Supreme Court of Ohio found to be unconstitutional.[11]
 {¶ 37} The third assignment of error is with merit.
 {¶ 38} For the reasons stated with respect to the third assignment of error that will result in this matter being returned to the trial court for resentencing, the second assignment of error needs no further analysis and is moot.
 {¶ 39} The second assignment of error is moot.
 {¶ 40} The judgment of the trial court ordering restitution is affirmed. The remainder of the judgment sentencing Morgan to a more-than-the-minimum sentence is reversed, and this matter is remanded to the trial court for resentencing.
Cynthia Westcott Rice, J., concurs,
Colleen Mary O'Toole, J., concurs in part, dissents in part, with Concurring/Dissenting Opinion.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] State v. Fiedler, 11th Dist. No. 2003-L-190,2005-Ohio-3388, at ¶ 16.
[3] See, e.g., State v. Williams (1986), 34 Ohio App.3d 33,35, State v. Fiedler, supra, at ¶ 10, State v. Cooper, 11th Dist. No. 2002-L-091, 2004-Ohio-529, at ¶ 23.
[4] State v. Fuller, 6th Dist. Nos. L-02-1387, L-02-1388, L-02-1389, and L-02-1390, 2004-Ohio-2675, at ¶ 4, citing Statev. Brumback (1996), 109 Ohio App.3d 65, 83 and State v. Warner
(1990), 55 Ohio St.3d 31, 52. See, also, State v. Winemiller
(June 30, 1999), 3d Dist. No. 17-98-22, 1999 Ohio App. LEXIS 3106, at *2.
[5] In re Hatfield, 4th Dist. No. 03CA14, 2003-Ohio-5404.
[6] Id. at ¶ 3-5.
[7] Id. at ¶ 9.
[8] R.C. 2929.14(A)(4).
[9] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus, following Apprendi v. New Jersey
(2000), 530 U.S. 466 and Blakely v. Washington (2004),542 U.S. 296.
[10] State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
[11] State v. Foster, supra, at ¶ 99-104.