JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ray Dorsey appeals from his conviction and from a portion of the sentence imposed after a jury found him guilty of felonious assault.
 {¶ 2} Dorsey presents three assignments of error. He argues his conviction is unsupported by either sufficient evidence or the manifest weight of the evidence. He further argues that, based upon the evidence, the trial court should have provided a jury instruction on the lesser offense of aggravated assault. Finally, he argues that the trial court improperly sentenced him, by imposing more than the minimum term for his conviction, and, further, by including an order of restitution, since the total amount of the victim's medical bills was neither considered by the jury nor determined at the time of sentencing.
 {¶ 3} This court cannot agree with Dorsey's first two arguments. However, since his sentence was imposed in derogation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, it is vacated, and the matter is remanded to the trial court for a resentencing hearing.
 {¶ 4} Dorsey's conviction results from an altercation that occurred on the night of February 25, 2005. He and a group of his friends went to a club to listen to music. The venue was crowded with other patrons.
 {¶ 5} Among the other patrons was a couple. The victim, Ulysses Altizer, was attending with his date, Michelle Angelo. Angelo placed their coats near the stage when they arrived, so she went to retrieve them when she and Altizer were ready to leave.
 {¶ 6} As Altizer watched, he saw that Angelo could not reach the coats because Dorsey stood in her way. She spoke to him, but Dorsey made no response. When she repeated her request, Dorsey turned to her, placed his hand on her face, and pushed her away.
 {¶ 7} Dorsey's rude action raised Altizer's ire. According to Altizer's testimony, he approached Dorsey angrily and asked him why he had touched Angelo. Dorsey responded by aggressively informing Altizer that he had "50 of his [men] here;" Altizer took his meaning as, "Don't mess with me."[1]
 {¶ 8} That response seemed unsatisfactory, so Altizer, who was a taller man than Dorsey, asked, "what's that got to do with anything." At that, Dorsey "grabbed" him. Altizer reacted by throwing Dorsey backward against the club's stage. A melee ensued.
 {¶ 9} Altizer testified that although others began raining blows at his back and sides, he focused on Dorsey, who quickly rejoined the fray. At one point, Dorsey managed to grasp Altizer's necklace.
 {¶ 10} Altizer indicated that he refused to relinquish it, so Dorsey used it as leverage to hold his opponent in place. As he stood in front of Altizer, Dorsey pulled his arm back and struck Altizer a hard blow with his fist. The blow connected with Altizer's face in the area of his left eye. As Altizer went down, he released his hold on the chain.
 {¶ 11} By this time, Angelo reached Altizer. His mouth was bleeding and his eye began to swell. She helped him out of the club, where they found Cleveland police detective Michael Rasberry, who was working that night as a security officer for the club.
 {¶ 12} Dorsey exited the club just as the couple was speaking with Rasberry. Both Altizer and Angelo pointed out Dorsey as the man who punched Altizer in the face. When questioned, Dorsey admitted being involved in the fight, and he had Altizer's chain in his pocket.
 {¶ 13} Altizer subsequently received medical treatment for his injuries. The repair of the fracture of his left orbital facial bone had by the time of trial required several surgeries. Furthermore, he required ten sutures to close the laceration in his mouth and stated he needed additional dental procedures to correct damage to his mandible.
 {¶ 14} Dorsey was indicted on two counts which charged him with aggravated robbery and felonious assault. After hearing the testimony of the state's witnesses and of Dorsey himself, the jury acquitted him of the first count but found him guilty of felonious assault.
 {¶ 15} The trial court imposed a sentence of five years. The order included a requirement that, during the period of post-release control, Dorsey must pay restitution to Altizer for any medical expenses he by that time had incurred for the injuries he received in the incident.
 {¶ 16} Dorsey appeals with the following three assignments of error for review.
 {¶ 17} "I. The conviction for felonious assault is not supported by sufficient evidence and is also against the manifest weight of the evidence because it is unknown who caused defendant's (sic) eye injury and because the majority of the testimony against defendant came from the prosecutor.
 {¶ 18} "II. The trial court committed reversible error by not allowing a jury instruction on the offense of aggravated assault because the testimony constitutes sufficient evidence of provocation and because the trial court erroneously held that a jury cannot consider aggravated assault if the defendant denies the offense.
 {¶ 19} "III. The trial court's order of restitution is contrary to law since a dollar amount was not determined at the time of sentencing. Under the holding of State v. Foster, the amount of restitution must be determined by a jury finding, not a judicial finding. The term of incarceration must also be vacated because this appeal was pending on February 27, 2006."
 {¶ 20} As set forth above, clearly, each of Dorsey's assignments of error contains more than one argument.
 {¶ 21} It has been observed that "appellate courts may jointly consider two or more assignments of error," however, "the parties do not have the same option in presenting their arguments." State v. McCoy, Hocking App. No. 02CA12, 2002-Ohio-6305, footnote 3. (Emphasis in original.)
 {¶ 22} App.R. 16 (A)(7) requires that a separate argument be made for each assignment of error. Thus, pursuant to App.R. 12(A)(1)(b), this court may decline to address them. Id.; Statev. Thomas, Cuyahoga App. No. 85968, 2006-Ohio-280, ¶ 59.
 {¶ 23} In the interest in determining appeals on their merits whenever possible, this court will consider the main issues Dorsey raises.[2] He first argues his conviction is supported by neither sufficient evidence nor the weight of the evidence.
 {¶ 24} In making this argument, Dorsey contends Altizer's version of the incident was too incomplete to constitute proof of the elements of the offense of felonious assault. Dorsey claims that, at most, the evidence instead supports a conclusion he committed the offense of aggravated assault. Thus, he additionally argues the trial court improperly refused his request for a jury instruction regarding that offense.
 {¶ 25} In considering a claim of insufficient evidence, this court is required to view the evidence adduced at trial, both direct and circumstantial, in a light most favorable to the prosecution to determine if a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421,1997-Ohio-372; State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 26} With regard to an appellate court's function in reviewing the weight of the evidence, this court is required to consider the entire record and determine whether in resolving any conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 27} R.C. 2909.11(A)(1) prohibits a person from "knowingly" causing "serious physical harm to another." In State v. Deem
(1988), 40 Ohio St.3d 205, the Ohio Supreme Court held that the offense of aggravated assault, R.C. 2903.12, is an offense of "inferior degree" to the charge of felonious assault, since it includes the additional mitigating element of "serious provocation" by the victim.
 {¶ 28} To be sufficient to establish "serious provocation," the evidence must show the defendant was under "extreme stress" and incited "into using deadly force." Therefore, the trial court "must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Id.
 {¶ 29} The court stated that, in a trial for felonious assault, "where the defendant presents sufficient evidence of serious provocation (such that a jury could reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) must be given." Id., at 211.
 {¶ 30} However, the court went on to state that where the defendant does not present sufficient evidence of provocation, the trial court has no obligation to include the instruction on the inferior-degree offense.
 {¶ 31} In this case, viewing the evidence adduced at Dorsey's trial in a light most favorable to the state leads to the conclusion that his conviction for the offense of felonious assault is sustained by sufficient evidence.
 {¶ 32} According to Altizer, he acted in a justifiable manner by approaching Dorsey, because Dorsey had laid hands on his date. Dorsey, on the other hand, had no reason to start a fight with Altizer. Angelo corroborated Altizer's testimony.
 {¶ 33} Both Altizer and Angelo testified, moreover, that it was Dorsey who threw the first punch, with whom Altizer primarily was engaged during the fight, who held Altizer's necklace so that he could neither duck nor dodge, and who landed the punch to Altizer's eye which broke the facial bone. From this testimony, a rational trier of fact could determine Dorsey knowingly caused serious physical harm to Altizer, without having been seriously provoked by him.
 {¶ 34} Dorsey, on the other hand, testified that he had nothing to do with the fight. He neither stated he was under extreme emotional stress at the time of the incident, nor claimed to be in fear of his life by Altizer's behavior. Rather, he claimed to be ignorant of what happened to Altizer. His evidence, therefore, was inconsistent with a claim of serious provocation. Therefore, this court cannot find the jury clearly lost its way in resolving the evidentiary conflicts. State v. Seokaran andPooran (Apr.8, 1993), Cuyahoga App. Nos. 62298, 62299, 63353, 63354.
 {¶ 35} Under the circumstances, therefore, Dorsey's conviction is supported by both sufficient evidence and the weight of the evidence. Furthermore, the trial court committed no error in refusing to instruct the jury as to the offense of aggravated assault.
 {¶ 36} Accordingly, Dorsey's first and second assignments of error are overruled, and his conviction is affirmed.
 {¶ 37} In his third assignment of error, Dorsey challenges the sentence imposed on two separate grounds.
 {¶ 38} First, Dorsey argues that the trial court erred in including an order of restitution in the journal entry of sentence. Second, he argues that the trial court erred in imposing more than the minimum term of incarceration for his conviction. He bases both of his arguments on the Ohio Supreme Court's recent decision in State v. Foster, supra.
 {¶ 39} In Foster, the supreme court expressly declared that certain sections of the Ohio's criminal sentencing code were unconstitutional. Among these were R.C. 2929.14(B) and (C), and R.C. 2929.19(B)(2), which permitted the trial court to make specific findings in order to impose more than the minimum term for a conviction.
 {¶ 40} The record of this case reveals the trial court relied upon these sections in choosing Dorsey's sentence. Pursuant toFoster, therefore, Dorsey's sentence must be vacated, and this case remanded for resentencing. State v. Slagle, Cuyahoga App. No. 87193, 2006-Ohio-4101.
 {¶ 41} Foster did not address R.C. 2929.18(A)(1), which permits the trial court to order restitution to the victim as a part of the sentence. Appellate courts which have considered sentencing orders of restitution have not chosen to analyze those orders in light of Foster. See, e.g., State v. Morgan, Lake App. No. 2005-L-153, 2006-Ohio-4166. Similarly, this court will not consider the constitutionality of this statute, since it is not a proper subject to raise at this juncture; rather, it is an issue to raise in the trial court on remand.
 {¶ 42} Nevertheless, it is noteworthy to mention in this context that the record reflects Altizer could not specify an amount of monetary loss he incurred as a result of the incident. He testified that while his medical insurance had assumed a portion of his surgical expenses, he remained responsible for, "like 7,000 [dollars] right now or something. 5,000 [dollars], something like that."
 {¶ 43} Pursuant to R.C. 2929.18(A)(1), if the court imposes restitution at sentencing, the court is required to "determine the amount to be made by the offender." The court may base the amount upon several sources of information, but if the amount is "disputed," the court is required to hold a hearing. The order of sentence in this case, however, contains no specified amount.
 {¶ 44} Under any circumstances, therefore, the trial court erred by including in Dorsey's sentence an order that simply states he must "pay restitution to victim as part of post-release control." State v. Howard, Montgomery App. No. 20326,2004-Ohio-6227, ¶ 5; cf., State v. Slagle, supra; State v.Morgan, supra.
 {¶ 45} For the foregoing reasons, Dorsey's third assignment of error is sustained.
 {¶ 46} Dorsey's conviction is affirmed. His sentence is vacated, and this case is remanded for resentencing consistent with Foster, supra.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, JR., J. concurs Colleen Conway Cooney, P.J. concurs in part and Dissents In part. (See Separate Opinion Attached)
[1] Quotes indicate trial testimony.
[2] Under the circumstances, Dorsey's additional challenges to the effectiveness of his trial counsel, which he raises in the argument portions of his appellate brief, will not be addressed. Id.