[Cite as *State v. Davis*, 2016-Ohio-7222.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 103764

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CURTIS DAVIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588497-B

**BEFORE:**  Celebrezze, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  October 6, 2016

**ATTORNEY FOR APPELLANT**

Kimberly K. Yoder
20525 Center Ridge Road
Suite 133
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Curtis Davis, challenges his guilty pleas to one count of felonious assault and one count of having weapons while under disability. He argues that when he failed to fulfill his agreement to testify truthfully against a codefendant, the court erred in accepting his pleas and sentencing him to a greater prison term than that specified in the plea agreement. After a thorough review of the facts and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** In Cuyahoga C.P. No. CR-14-588497-B, appellant was charged in a multicount indictment with attempted murder, felonious assault, aggravated menacing, criminal trespass, and having weapons while under disability, with various firearm and repeat violent offender specifications. Midway through trial, appellant agreed to plead guilty to a second-degree felony violation of R.C. 2903.11(A)(1), felonious assault, with a one-year firearm specification, and one third-degree felony violation of R.C. 2923.13(A)(2), having weapons while under disability. As part of the agreement, in Cuyahoga C.P. No. CR-14-587284-A, appellant would also plead to one count of escape. In exchange, the state would dismiss the other charges in the two cases. If appellant testified truthfully in the trial of a codefendant, the state agreed to recommend a three-year sentence. After a thorough Crim.R. 11 plea colloquy, appellant entered guilty pleas and the matter was set for sentencing pending the codefendant's trial.

**{¶3}** At the October 5, 2015 sentencing hearing, the state explained that appellant

refused to testify against the codefendant. The state then advocated for a sentence in excess of the three years set forth in the agreement. However, the state acknowledged that appellant and his family were threatened. The state indicated it had reviewed recorded jail calls documenting the threats. The state asserted that this did not excuse appellant from his promise to testify. It requested a sentence in the range of five to seven years. Appellant's attorney stated that appellant was beaten while in jail and highlighted the threats that were made against him and his family if he testified against the codefendant. The trial court imposed an aggregate ten-year prison sentence: a six-year term of imprisonment for felonious assault served consecutive to the one-year firearm specification, and consecutive to three years for having weapons while under disability. The trial court imposed a sentence on the escape count in CR-14-587284-A to run concurrent to the sentence in CR-14-588497-B.

{¶4} Appellant then filed the instant appeal from CR-14-588497-B only. Appellant's notice of appeal does not include CR-14-587284-A even though the plea agreement covered this case as well. However, because of this court's resolution of the appeal, this court does not have to address the incongruity presented in such a situation. Appellant now raises three assignments of error:

I. The trial court erred in not forewarning the defendant of the increased sentence that could be imposed if the conditions of the negotiated plea agreement were not met.
II. The trial court erred in not vacating defendant's guilty plea prior to sentencing when a condition of the negotiated plea agreement was not met.

III. Defendant's counsel was ineffective for not moving the court to withdraw defendant's plea prior to sentencing when a condition of the

negotiated plea agreement was not met.

## II. Law and Analysis

### A. Crim.R. 11 Colloquy

{¶5} Appellant's first assignment of error takes issue with the plea colloquy. Specifically, appellant claims the trial court erred in not explaining that if appellant did not testify, then he could be subjected to a sentence other than the one to which the state conditionally agreed.

{¶6} Crim.R. 11 governs the colloquy that a trial court must engage in before accepting pleas of guilty or no contest in a criminal case. For felony cases, Crim.R. 11(C) mandates that before a court may accept a plea of guilty or no contest, the court must address the defendant and (1) determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, (2) inform the defendant of and determine that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence, and (3) inform the defendant and determine that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. *Id.*

{¶7} This court reviews the trial court's colloquy differently depending on the type

of alleged violation of the rule. For constitutional rights set forth in Crim.R. 11(C)(2)(c), the court must strictly comply in the information relayed. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. However, for nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (C)(2)(b), the court only has to substantially comply. *Veney* at ¶ 14-16.

{¶8} In this assigned error, appellant claims the court did not inform him of the penalties he faced in light of the agreed sentence offered by the state. This is a nonconstitutional requirement, which this court reviews for substantial compliance and requires a showing of prejudice. *Id*. at ¶ 17.

{¶9} Here, the trial court fully explained the range of penalties appellant faced for each charge. The plea colloquy accurately reflected the penalties for second- and third-degree felonies. The trial court also explained that even though there was an agreed sentence, the trial court had discretion to impose that sentence. In essence, the trial court informed appellant that it had discretion to craft any sentence allowed by law. More is not required by the rule.

{¶10} This situation is similar to arguments raised about a requirement that a trial court should inform a defendant about the possibility of consecutive sentences. This court has previously held that Crim.R. 11 has no such requirement. *State v. Slagle*, 8th Dist. Cuyahoga No. 87193, 2006-Ohio-4101, ¶ 6-7. Likewise, there is no requirement that a court somehow further impress upon criminal defendants that they face penalties in excess of an agreed sentence where the court fully explains the possible range of penalties

and the discretionary nature of a sentencing recommendation from the state.

{¶11} Appellant was aware that he could face a sentence other than the one agreed to by the state and that a greater sentence could be imposed. Further, he understood that the agreed three-year sentence was contingent upon appellant's truthful testimony against a codefendant. Appellant was well aware that if he failed to testify, he faced a greater sentence. His attorney specifically stated appellant's understanding of that fact at the sentencing hearing as outlined in the ineffective assistance claim below.

{¶12} Therefore, this assigned error is overruled.

## B.   Failure to Vacate Pleas

{¶13} Appellant claims in his second assignment of error that rather than sentencing him, the trial court should have sua sponte vacated his pleas.

{¶14} Appellant does not set forth any standard of review when arguing that his sentencing hearing should not have gone forward. This court will review appellant's claim for plain error because appellant never attempted to withdraw his pleas or otherwise stop the hearing from going forward. *State v. Obermiller*, Slip Opinion No. 2016-Ohio-1594, ¶ 62. Crim.R. 52(B) provides a court with authority to address an error affecting a substantial right of a defendant although not brought to the trial court's attention. "To prevail under the plain-error standard, a defendant must show that an error occurred, that it was obvious, and that it affected his substantial rights." *Id.* at ¶ 62. On review, a plain error should only be found "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State*

*v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶15}** The Second District, faced with a motion to withdraw in a situation similar to the present one, found that a trial court was not required to vacate a plea agreement conditioned upon the defendant testifying against another when the defendant failed to testify. *State v. Lopez*, 2d Dist. Greene No. 99-CA-120, 2000 Ohio App. LEXIS 4737, 3 (Oct. 13, 2000). There, the defendant, Lopez, decided before sentencing that he did not wish to testify against another, and filed a motion to withdraw his plea. The trial court denied the motion and sentenced the defendant to an aggregate term of imprisonment in excess of the agreed sentence. The Second District held that Lopez was not entitled to rescind the agreement based on his own willful breach:

> A party to a contract who has voluntarily and without excuse refused to perform cannot treat the contract as rescinded for default of the other party subsequently occurring. *Ashbrook v. Hite* (1859), 9 Ohio St. 357. That is precisely the case herein. Lopez, voluntarily and without excuse refused to perform his promise to cooperate with respect to other prosecutions. Subsequently, the State declined to honor its promise with respect to sentencing. That does not entitle Lopez to rescission of the bargain.

*Id*. at 12. *See also State v. Woyan*, 4th Dist. Athens No. 96 CA 1772, 1997 Ohio App. LEXIS 3182, 13 (July 21, 1997) ("we find the trial court did not abuse its discretion [in denying the motion to withdraw his guilty plea and to enforce a plea agreement] by finding that appellant failed to cooperate in good faith" because "[a]t the time appellant entered his guilty plea, he was fully aware of the consequences of his failure to comply with the plea agreement."); *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 45 ("There is no dispute that Mr. Story breached the plea agreement

by not pleading guilty to 'two out of three drug charges' or the charge of aggravated assault. Therefore, the state was not bound by its sentencing recommendation."); *State v. Ready*, 11th Dist. Lake No. 2001-L-150, 2002-Ohio-7138, ¶ 52 ("we conclude that it was not inequitable to relieve the State, as the party aggrieved by appellant's refusal to perform his end of the bargain, of its promise with respect to sentencing, without rescinding those aspects of the bargain that had already been performed[, the dismissal of several charges].").

{¶16} Another case from the Second District highlights the subtle differences that must be considered in cases such as these. There,

> the plea bargain included additional terms requiring that appellant testify in exchange for a minimum sentence. Once appellant indicated his intention not to comply with the terms of the agreement, the trial court had no recourse but to either implement the minimum sentence as recommended by the state and *agreed to by the court* or grant appellant's motion to withdraw and proceed to trial. However by denying appellant's motion and then refusing to adhere to the State's recommendation for a minimum sentence, the court unilaterally modified the terms of the agreement of which appellant wanted no part. Such action clearly worked to the State's advantage and to appellant's detriment in a retaliatory manner.

(Emphasis sic.) *State v. Tooson*, 2d Dist. Clark No. 2042, 1985 Ohio App. LEXIS 6779, 9 (Aug. 5, 1985). *See also State v. Vari*, 7th Dist. Mahoning No. 07-MA-142, 2010-Ohio-1300, ¶ 24 ("However, once the trial court enters into the plea agreement by making a promise as the court did here, it becomes a party to the agreement and is bound thereby."). In the case currently before this court, the trial court did not agree to impose any sentence. The trial court specifically informed appellant of the range of possible penalties and that it was not bound by the state's sentencing recommendation. It did not

enter into the plea bargaining process with an indication of a specific sentence.

{¶17} Another case is distinguishable based on timing. When a motion to withdraw is filed immediately after the entrance of pleas of guilt with a sentencing agreement contingent on testifying, the Tenth District has held that a court abuses its discretion in denying the motion in certain circumstances. *State v. Walton*, 2 Ohio App.3d 117, 440 N.E.2d 1225 (10th Dist.1981).

> Where immediately after entering a guilty plea and plea bargain and prior to sentencing the defendant makes a motion to withdraw his guilty plea indicating an intent not to live up to a portion of the plea bargain, the trial court abuses its discretion in both overruling the motion to withdraw and refusing to abide by the state's obligations under the plea bargain.

*Id*. at 119. This case does not address the fact that even where there is an agreed sentence between the state and the defendant, the sentence is still within the discretion of the trial court except where the court has indicated its  acceptance of the agreed sentence at the time of the plea, as was the case in *Tooson*.

{¶18} Appellant does not argue these cases, or any other in support of his second assignment of error. Further, appellant does not attempt to distinguish the cases where a trial court has informed defendants that the court retained discretion over their sentence and imposed a greater sentence than that recommended by the state as part of the plea agreement, whether a defendant violated the terms of the plea agreement or not.

{¶19} In cases such as *Tooson* and *Vari*, where the trial court interjects itself into the plea bargaining process with promises of a certain sentence, then the court may not deviate without giving the defendant an opportunity to withdraw the plea. Here, the trial

court did not make any promises regarding sentencing and specifically informed appellant that the state's conditional recommended sentence was not binding. Appellant was also aware of the sentencing ranges he faced as explained by the court during the plea colloquy. There was no basis for the trial court to sua sponte vacate the plea agreement freely entered into by both parties. Therefore, there was no plain error here.

{¶20} Appellant's second assignment of error is overruled.

### C. Ineffective Assistance of Counsel

{¶21} Appellant claims his trial counsel rendered constitutionally deficient assistance because counsel failed to file a motion to withdraw appellant's guilty pleas prior to sentencing when it was clear that appellant failed to fulfill a term of the plea agreement.

{¶22} In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance fell below reasonable representation and that deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). This test is highly deferential to attorneys, and reviewing courts afford "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689. As such, a properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

**{¶23}** In the context of a guilty plea, defendants must demonstrate that there is a reasonable probability that, but for counsel's alleged errors, they would not have pled guilty and they would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14. This waiver applies equally to a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel is therefore waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *Id.*

**{¶24}** Here, appellant's counsel did not render deficient performance. In the midst of trial, after several witnesses testified to appellant's involvement in a shooting, appellant decided to enter guilty pleas in exchange for the dismissal of several serious charges and an agreed sentence in exchange for his testimony against a codefendant. During the sentencing hearing, appellant acknowledged that he failed to perform under the plea agreement, but never indicated he wished to withdraw his pleas. At sentencing, appellant's attorney stated,

> [appellant], at that time decided that he could [not] take a better sentence and put his family at risk, and that was the reason why he chose not to testify.
>
> He recognizes that in doing so he subjected himself to more time, substantially more time, but even under those circumstances, that's the

choice that he made, and frankly, I understand them.

He knew what life he was living. He put himself in the situation where he was at that level of risk. He knows that, but he had to make a decision that was not what he intended at the time that he took the plea and agreed to testify.

* * *

So, your honor, we recognize and accept, and [appellant] will accept as well, that he has a greater price to pay today as a result of the choices that he's made, but your Honor, I would ask that you take into consideration the circumstances and the impact that those threats had on him.

**{¶25}** The record indicates that appellant had full knowledge of the situation and had discussions with his attorney about his options, and chose to go forward. It must be noted that even without an agreed sentence, appellant's attorney would be justified in arguing in favor of moving forward with the very favorable plea deal rather than subjecting appellant to the chance of being convicted of several more serious charges. Therefore, appellant cannot demonstrate that he would have not entered his guilty pleas had he been advised in the manner he asserts he should have been.

**{¶26}** Further, even if appellant's attorney had filed a motion to withdraw his pleas, the trial court was not required or likely to grant it based on appellant's own violation of the plea agreement. *See, e.g., Ready*, 11th Dist. Lake No. 2001-L-150, 2002-Ohio-7138, at ¶ 54 ("we conclude that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas as appellant did not establish that the state had failed to abide by the terms of the plea agreement. Rather, it was appellant who seemingly had a change of heart, which is insufficient justification to warrant the

granting of a motion to withdraw.").

{¶27} Therefore, appellant has not demonstrated that his counsel was constitutionally ineffective or that he was prejudiced by any deficient performance. Appellant's counsel was not constitutionally ineffective as argued by appellant. The discussion had on the record indicates appellant understood his options and chose to move forward with sentencing.

{¶28} Appellant's third assignment of error is overruled.

### III. Conclusion

{¶29} Appellant was informed of the possible penalties he faced by pleading guilty. He further understood that the state's three-year sentencing recommendation was not binding on the trial court and was contingent on appellant testifying against his codefendant. When appellant failed to testify, he understood that he faced a sentence greater than that set forth in the plea agreement. Further, plain error did not exist when the court proceeded to sentence appellant rather than vacating appellant's pleas. Finally, appellant's counsel was not constitutionally ineffective as appellant asserts.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court

for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR