[Cite as *State v. Davis*, 2017-Ohio-7323.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105137**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODERICK DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603623-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEY FOR APPELLANT**

James J. Hofelich
614 W. Superior Ave., Suite 1310
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Andrew F. Rogalski
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Roderick Davis appeals from his conviction following a guilty plea to one count of kidnapping. For the reasons that follow, we affirm.

{¶2} Davis was charged in a three-count indictment: Count 1 — rape in violation of R.C. 2907.02(A)(1)(b); Count 2 — gross sexual imposition in violation of R.C. 2907.05(A)(4); and Count 3 — kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification. The charges stem from an incident that occurred in January 2016 and involved a ten-year-old child.

{¶3} Davis initially entered a plea of not guilty to the charges. In response to Davis's concern with his appointed counsel and appointed counsel's request to withdraw from the matter, the trial court assigned new counsel. Thereafter, with the assistance of new counsel, Davis withdrew his previously entered not guilty plea and pleaded guilty to amended Count 3, kidnapping, without the sexual motivation specification. In exchange for the guilty plea, the state agreed to nolle the remaining charges.

{¶4} After engaging in a Crim.R. 11 plea colloquy with Davis and advising Davis of the terms of the plea agreement and the rights he was waiving, the trial court accepted his guilty plea, finding that it was knowingly, intelligently, and voluntarily made. The court found Davis guilty and ordered a presentence investigation report. On a later date, the court determined that Davis had not overcome the presumption of prison and it sentenced Davis to seven years imprisonment.

{**¶5**} Davis now appeals. In two assignments of error, Davis claims he was denied the effective assistance of counsel and the trial court abused its discretion by inquiring into the parties' pretrial negotiations for sentencing purposes.

{**¶6**} With respect to Davis's first claim, he argues that trial counsel was ineffective in not properly advising him of the elements of kidnapping, and had he been properly advised, it is "unlikely" he would have entered the plea agreement. In support, he refers to two statements in the record: trial counsel's assertion that his client "would never agree to plead to any type of sexual offense" and Davis's statement after receiving his sentence that "[t]his is a big misunderstanding of how everything went down."

{**¶7**} In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, our scrutiny of an attorney's representation must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 689.

{**¶8**} In proving ineffective assistance in the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and he would have insisted on going to trial. *State v. Wright*, 8th Dist. Cuyahoga No. 104134, 2016-Ohio-7493, ¶ 5. In analyzing prejudice in a plea, the court must consider all of the factors that surround the decision to

plead, including the benefits associated with a plea and the possible punishments involved. *Id.*; *see also State v. Strong*, 11th Dist. Ashtabula No. 2013-A-0003, 2013-Ohio-5189, ¶ 19.

**{¶9}** Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, including a claim of ineffective assistance of counsel, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Davis*, 8th Dist. Cuyahoga No. 103764, 2016-Ohio-7222, ¶ 23, citing *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14. Therefore, a guilty plea waives the right to claim ineffective assistance of counsel "except to the extent that the defect or ineffective assistance caused [the accused's] guilty plea to be less than knowing, intelligent and voluntary." *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 14.

**{¶10}** Here, we find nothing in the record that demonstrates trial counsel's deficient performance or counsel's failure to provide advice that would impair the knowing, intelligent, and voluntary nature of Davis's plea.

**{¶11}** We note, initially, that trial counsel's statement at sentencing that his client "would never agree to plead to any type of sexual offense" does not demonstrate that trial counsel failed to properly advise Davis of the elements of kidnapping. Rather, when taken in context at sentencing, this statement supports the factual basis for the plea and Davis's rationale in pleading guilty to the amended kidnapping charge.

{¶12} At the sentencing hearing, the state summarized the facts of the case. Davis, who was in a relationship with the victim's grandmother, was caring for the victim while the grandmother was working. The prosecutor stated that, according to the victim, on one January morning when the victim was getting ready for school, Davis was lying on the bed, grabbed the child by the arm, "flipped her up onto the bed * * *, pulled her bottoms down and with his hand and fingers touched her vaginal area * * * [and] his fingers went inside her vagina." The state also advised the court that Davis had reported to the detective that he did, in fact, "flip" the child onto the bed, but he only pinched her buttocks. In response to this statement, defense counsel explained to the court, "in pulling her up on the bed, he pled to a kidnapping. No sexually-related offense, Judge."

{¶13} Thereafter, the court noted that, given the facts and circumstances of the case, the plea to a kidnapping charge was "unusual." In an effort to clarify matters for family members, the court inquired about the plea:

Court: Now, it's my understanding that at the time of the plea in this case, the state offered the defendant the option of pleading to a sexually-related crime, gross sexual imposition, which is a lesser felony than * * * a kidnapping charge. Is that correct?

Prosecutor: Yes. I believe it would have been a high-tier felony of the third degree, * * * which would have been a possible penalty of one to five years in addition to the [sexual offender] registration requirement. * * * [T]he stumbling block for the plea at that time was the registration requirements.

So an Option B was later given the defendant to plea to, which in order for us to remove any crime that would have registration requirements, we would have to have the felony level go up two levels. There would have to be the presumption of prison.

So now we have kidnapping 3 to 11 years with no registration requirement that exposes the defendant to greater prison sentence but takes away the sexual [offender] registration requirements, your Honor.

* * *

Defense
Counsel:    Judge, * * * we did have conversations and my client would never agree to plead to any type of sexual offense.   I, in turn, [tried] on several different occasions * * * to get something other than a sexually-related offense and this was the ultimate goal, ultimate plea, that [the prosecutor's office] would authorize.

Court:      * * * I don't usually make that statement or inquire about that, but I think * * * this is an unusual situation, but I think it's also, you know, perhaps helpful to some family members who may or may not appreciate how sometimes plea agreements are reached or why they're reached or what the impact of those decisions are.

{¶14} Defense counsel's statement, therefore, taken in context of the foregoing discussion, explains why Davis pleaded guilty to the amended kidnapping charge.   The statement does not support Davis's assertion on appeal that trial counsel failed to properly advise him of the elements of kidnapping.   And this exchange, in fact, demonstrates that Davis made an informed decision to avoid the risks of trial and thus avoid the possibility of a conviction for a sexually related offense.   Davis, therefore, benefitted from the plea agreement.   By pleading guilty to the amended kidnapping charge, Davis successfully

avoided a potentially significantly longer prison term as well as the attendant sexual offender registration requirements.

{¶15} Additionally, although Davis stated after receiving his sentence that "this is a big misunderstanding," this comment, alone, in light of the record before us, does not demonstrate that Davis would not have pleaded guilty. The record shows that the court conducted a thorough Crim.R. 11 colloquy and Davis's guilty plea was, in fact, knowingly, intelligently, and voluntarily made.

{¶16} At the plea hearing, the court ensured that Davis was not under the influence of any drugs or medication that would impair his understanding of the proceedings, and it inquired of his education. Thereafter, the court advised Davis of his constitutional rights and explained the charge to which he was pleading guilty, the maximum penalty of the charge, and the effect of his plea. Davis repeatedly indicated that he understood. The court inquired whether there had been any threats, promises, or inducements made in an effort to cause Davis to enter his plea, to which Davis replied in the negative.

{¶17} The court also advised Davis that the kidnapping charge is a felony of the first degree and therefore carries a presumption of prison. The court specifically explained to Davis that this presumption means "in all probability, you will be going to prison for a period of time of at least three years up to eleven years," unless Davis or his counsel "convinces [the court] that [Davis] should not go to prison." The court stated that if Davis overcomes the presumption of prison, then the court can place Davis on probation, which he further explained. Davis informed the court that he understood the

court's explanations and indicated that he had no questions regarding "the possible consequences" of his plea.

{¶18} Furthermore, the court inquired whether Davis was satisfied with his counsel during the plea process, to which Davis replied, "Yes, I am." Finally, there is no indication in the record that Davis expressed hesitation at any time during the plea hearing.

{¶19} In light of the foregoing, we find that the record does not support Davis's claim that defense counsel was ineffective during his plea hearing. Rather, the record reflects that Davis understood the nature of the charge and the plea proceedings, as well as the benefits associated with the plea, and he knowingly and voluntarily pleaded guilty to the amended kidnapping charge.

{¶20} Davis's first assignment of error is overruled.

{¶21} Davis also claims that the trial court abused its discretion when it inquired into the parties' pretrial negotiations for purposes of sentencing, noting the exchange outlined above. In support, he cites to *State v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290 (8th Dist.).

{¶22} *Jabbaar*, however, addresses concerns regarding a trial judge's alleged participation in plea negotiations. In that case, the defendant argued that the trial judge's discussion of the evidence and the penalties attached to the counts, along with the judge's direct recommendation that Jabbaar "should consider a plea," had a coercive effect that rendered Jabbaar's plea involuntary. *Id.* at ¶ 24. While acknowledging that

a trial judge's participation in plea negotiations is "not the preferred practice and that, in some instances, the trial judge's comments raise concern," we stated that a judge's comments must not be considered in isolation; rather, "'we consider the record in its entirety to determine the voluntariness of the guilty plea.'" *Id*. at ¶ 29, citing *State v. Finroy*, 10th Dist. Franklin No. 09AP-795, 2010-Ohio-2067, ¶ 7. In so considering the judge's comments in light of the entire record in that case, including the Crim.R. 11 colloquy, we found Jabbaar's plea to have been voluntarily made. *Jabbaar* at ¶ 35.

{¶23} Here, there is no evidence of the trial judge's active participation in Davis's plea negotiations. Rather, the judge's sole inquiry into the plea negotiations was made after Davis entered his plea, and this inquiry was made for explanatory purposes. Prior to imposing sentence, the judge asked about the prosecutor's offer of a lesser felony charge of gross sexual imposition. When the judge inquired, he explained that the information might be helpful to the family members present at the hearing, in light of the unusual nature of the plea and the fact that family "may not appreciate how sometimes plea agreements are reached or why they're reached or what the impact of those decisions are." The judge then stated, "[a]nd whatever other family members believe or don't believe or whatever was said by whom to others as to what occurred, the clear fact is that Mr. Davis pled guilty to kidnapping."

{¶24} These comments do not amount to the court's participation in plea negotiations, and they could not have affected the voluntariness of Davis's plea, because they were made at sentencing, after Davis had already pleaded guilty to the kidnapping

charge. And to the extent that Davis claims the comments improperly affected the sentence the court imposed, there is no evidence in the record supporting such a claim.

{¶25} We therefore find nothing improper regarding the trial judge's isolated inquiry into the parties' plea negotiations prior to imposing sentence in this matter.

{¶26} Davis's second assignment of error is overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR