OPINION
{¶ 1} Appellant, Daryl L. Gotel, appeals his conviction for one count of robbery. In his sole assignment of error, appellant argues his guilty plea was involuntary due to ineffective assistance of counsel. For the reasons that follow, we find appellant's assignment of error to be without merit and his conviction is affirmed. *Page 2 
 {¶ 2} On April 26, 2005, appellant was charged in a three-count indictment with two counts of robbery in violation of R.C.2911.02(A)(2), felonies of the second degree, and one count of grand theft in violation of R.C. 2913.02, a felony of the fourth degree.
 {¶ 3} The state and appellant entered into a plea agreement whereby, in exchange for appellant's agreement to plead guilty to count one, robbery, the state would move to dismiss counts two and three.
 {¶ 4} On July 14, 2005, the trial court conducted a guilty plea hearing at which appellant entered a guilty plea to robbery. After finding that the guilty plea was knowingly, voluntarily, and intelligently made, the court accepted appellant's guilty plea, found him guilty of robbery, and dismissed the remaining counts. On August 30, 2005, the court sentenced appellant to a term of six years incarceration.
 {¶ 5} On February 2, 2006, appellant filed a motion for delayed appeal which was subsequently granted.
 {¶ 6} Appellant asserts the following assignment of error:
 {¶ 7} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 8} Appellant argues that because his trial counsel failed to advise him that the offense of robbery to which he pleaded guilty might have been an allied offense of similar import to the offense of robbery which was dismissed pursuant to the plea agreement, for which he could not also be convicted, he was not fully advised as to the effect of the plea. As a result, appellant concludes his plea was not voluntary. *Page 3 
 {¶ 9} The standard of review for ineffective assistance of counsel is whether the representation of trial counsel fell below an objective standard of reasonableness and whether the defendant was prejudiced as a result of the deficient performance. The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial.Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 10} The Supreme Court in Strickland held: "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's performance was reasonable considering all the circumstances. * * * Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."Strickland, supra, at 689. There is a strong presumption that the attorney's performance was reasonable. Id. In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart
(1985), 474 U.S. 52, 58-59; see, also, State v. Curd, 11th Dist. No. 2003-L-030, 2004-Ohio-7222, at ¶ 110.
 {¶ 11} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378; see, also,State v. Kapper (1983), 5 Ohio St.3d 36. In Malesky, the court held: *Page 4 
 {¶ 12} "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id. at *5.
 {¶ 13} In Kapper, the Supreme Court adopted the following rationale:
 {¶ 14} "`* * * [A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. * * *'" Id. at 38.
 {¶ 15} In State v. Wyley (Oct. 20, 1994), 8th Dist. No. 66163, 1994 Ohio App. LEXIS 4708, the defendant argued his guilty plea was involuntary due to ineffective assistance of counsel in that he pleaded guilty on his counsel's advice after being falsely told by counsel that his motions to suppress had been overruled. The court affirmed the conviction, finding that the defendant's allegations were not supported by affidavit or other materials substantial enough to rebut the record which showed his plea was voluntary.
 {¶ 16} The record demonstrates that appellant's guilty plea was voluntarily made. He understood the charges in the indictment, including the offense to which he would plead guilty, and the potential sentence which could be imposed. The record further shows that appellant was forty-three years old at the time of his plea; he was not under *Page 5 
the influence of drugs or alcohol; he understood the terms of the plea agreement, which were also set forth in a written plea agreement he signed; and he was not coerced into entering the plea. After the trial court fully informed appellant of his trial rights pursuant to Crim. R. 11, he waived his right to trial. Appellant's trial counsel discussed the case and evidence and available defenses with him. Counsel believed the case should be compromised and appellant agreed. Counsel negotiated a plea which resulted in the dismissal of two counts, and appellant said he understood the plea agreement and was satisfied with his attorney.
 {¶ 17} Further, appellant received the benefit of his bargain. In exchange for his plea of guilty to one count of robbery, the state moved to dismiss and the court dismissed the remaining counts.
 {¶ 18} Appellant argues that he received no benefit from the dismissal of the second robbery charge because it was an allied offense of similar import to the first count of robbery, and that his plea was involuntary because his attorney failed to explain the effect of allied offenses. However, there are no affidavits or other supporting materials in the record substantial enough to rebut the record below which demonstrates that appellant's guilty plea was voluntary. In fact, the record is devoid of any evidentiary materials concerning trial counsel's alleged failure to advise appellant concerning allied offenses.
 {¶ 19} Because there is nothing in the record to demonstrate what was or was not explained to appellant concerning the effect of allied offenses, we cannot conclude that counsel's advice or lack thereof was deficient. Appellant admits that he obtained what he refers to as a "minor benefit" from the dismissal of count three, grand theft. *Page 6 
However, characterized by appellant, he did receive a benefit from the dismissal of that charge. The grand theft count would have exposed him to a potential additional sentence of one and one-half years. During the guilty plea hearing, appellant admitted the facts of the offense as recited by the state, i.e., that he entered the Whitehall jewelry store at the Great Lakes Mall with an accomplice with the purpose to steal jewelry; that they stole sixty-six watches worth in excess of $63,000.00 and threatened the two clerks by telling them they had acid in containers. In light of this admission and appellant's five previous incarcerations, an additional sentence was reasonably likely if he was convicted of grand theft.
 {¶ 20} There are many different reasons a criminal defendant may choose to enter a plea of guilty, including the certainty of a plea bargain and/or the expectation of a favorable sentence. We disagree with appellant's argument that he entered his guilty plea only to avoid the possibility of a conviction of the grand theft charge. In addition to that admitted benefit, appellant avoided a trial and reduced the likelihood of receiving the maximum sentence.
 {¶ 21} For the foregoing reasons, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.
 {¶ 22} Further, appellant cannot meet the second prong of theStrickland test because he admitted he understood the terms of the plea and was satisfied with the representation of his counsel. Moreover, there is no evidence in the record to demonstrate that appellant would not have pleaded guilty and would instead have insisted on a trial if his attorney had discussed the effect of allied offenses of similar *Page 7 
import. We therefore cannot conclude that appellant was prejudiced from any alleged deficient conduct on the part of his counsel.
 {¶ 23} We do not agree with appellant's argument that the trial court should have conducted a hearing to determine whether the charged offenses are allied offenses of similar import even if the issue was not raised. Appellant cites State v. Kent (1980), 68 Ohio App.2d 151 in support. However, following the Supreme Court case of State v.Comen (1990), 50 Ohio St.3d 206, the Eighth District Court of Appeals held in State v. Stansell (Apr. 20, 2000), 8th Dist. No. 75889, 2000 Ohio App. LEXIS 1726, as follows: "if a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown." Id. at *8. Furthermore, the plea bargain here contemplated that appellant would only be pleading guilty to one count of robbery while Kent pleaded guilty to multiple offenses.
 {¶ 24} Appellant's sole assignment of error is without merit.
 {¶ 25} For the reasons stated in this opinion, the assignment of error is not well-taken. It is the judgment and order of this Court that the judgment of the Lake County Court of Common Pleas is affirmed. *Page 1