[Cite as *State v. Strong*, 2013-Ohio-5189.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO.  2013-A-0003 |
| TIFFANY E. STRONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Court of Common Pleas, Case No. 12 CR 245.

Judgment:  Affirmed.

*Thomas L. Sartini,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michael A. Heller* and *Christina Brueck,* The Brueck Law Firm, 333 Babbitt Road, #301, Euclid, OH  44123 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}  Appellant, Tiffany B. Strong, appeals her conviction for one count of conspiracy to commit illegal assembly or possession of chemicals for the manufacture of drugs.  Appellant argues her guilty plea was involuntary due to ineffective assistance of counsel.  For the reasons that follow, we affirm.

{¶2}  While appellant provides a lengthy statement of facts, she does not reference the record in support of these facts, in violation of App.R. 16(A)(6).  Moreover,

these facts are not in the record, and therefore cannot be considered on appeal. The only facts of record are contained in the sentencing transcript in which the trial court stated that on April 18, 2012, appellant's co-defendants, Matthew Rufo and Michelle Stetz, were stopped by police in a vehicle shortly after leaving Mr. Rufo's residence. Mr. Rufo gave police consent to search his house, which they did, and appellant, who was in the house, was subsequently indicted.

{¶3} On June 28, 2012, appellant was charged in a two-count indictment with conspiracy to commit illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2923.01(A)(4) and R.C. 2925.041(A)(C)(1), a felony of the fourth degree, and one count of conspiracy to commit illegal manufacture of drugs, in violation of R.C. 2923.01(A)(3) and R.C. 2925.04(A)(C)(3)(a), a felony of the third degree.

{¶4} The state and appellant entered a plea bargain whereby, in exchange for appellant's guilty plea to conspiracy to commit illegal assembly or possession of chemicals for the manufacture of drugs, the fourth-degree felony, the state would move to dismiss the third-degree felony and recommend that the court impose community control.

{¶5} On September 17, 2012, the trial court conducted a guilty plea hearing at which appellant entered a guilty plea to the fourth-degree felony. The trial court found that appellant's guilty plea was knowingly, voluntarily, and intelligently made; accepted her guilty plea; found her guilty of the fourth-degree felony; and dismissed the third-degree felony.

2

{¶6} On December 17, 2012, the court held a sentencing hearing. Although appellant had three prior convictions for theft, OVI, and drug abuse, based on the state's recommendation, the court sentenced her to two years of community control.

{¶7} Appellant appeals her conviction, asserting the following for her sole assignment of error:

{¶8} "Appellant received ineffective assistance of counsel in violation of her rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Constitution of the State of Ohio."

{¶9} Appellant argues she received ineffective assistance of counsel because: (1) her attorney allegedly did not inform her that her co-defendants filed motions to suppress that were pending when she pled guilty; (2) he allegedly allowed her to plead guilty before her co-defendants' motions to suppress were heard; and (3) he allegedly failed to advise her that her case was defensible.

{¶10} The standard of review for ineffective assistance of counsel was stated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and has been repeatedly followed by this court. *State v. McKinney*, 11th Dist. Trumbull No. 2007-T-0004, 2008-Ohio-3256, ¶187.

{¶11} In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test. First, he must show that counsel's performance was deficient. *Strickland, supra*. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* A properly licensed attorney is presumed to be competent. *Id.* at 688. In order to rebut this presumption, the defendant must show the actions of

3

counsel did not fall within a range of reasonable assistance. *Id.* at 689. The Court in *Strickland* stated, "[t]here are countless ways to provide effective assistance in any given case. * * *" *Id.* at 689. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.*

{¶12} Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's * * * errors, the result of the [trial] would have been different." *Id.* at 694. In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *State v. Curd*, 11th Dist. Lake No. 2003-L-030, 2004-Ohio-7222, ¶110.

{¶13} Further, this court has held that "a criminal defendant's constitutional right to effective assistance of counsel does not require an attorney to file a motion to suppress in every case." *State v. Belknap*, 11th Dist. Portage No. 2002-P-0021, 2004-Ohio-5636, ¶19, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). Instead, "where there exists reasonable grounds for filing a motion to suppress, counsel's failure

4

to file the motion may constitute ineffective assistance and warrant reversal." *State v. Payton*, 119 Ohio App.3d 694, 704 (11th Dist.1997).

{¶14} To show that counsel was ineffective for not filing a motion to suppress, the defendant must point to instances in the record proving that there was a reasonable probability that, but for the failure to file the motion, the result of the proceeding would have been different. *State v. Lott*, 11th Dist. Ashtabula No. 96-A-0011, 1997 Ohio App. LEXIS 5860, *10 (Dec. 26, 1997).

{¶15} Appellant argues that, due to her attorney's ineffective assistance, her guilty plea was not knowingly entered. We disagree for three reasons.

{¶16} First, although appellant argues her attorney's ineffective assistance resulted in her entering a plea that was not voluntary, none of the grounds of her counsel's alleged ineffectiveness relate to whether her plea was voluntary. "A guilty plea represents a break in the chain of events that preceded it in the criminal process. Thus, a defendant who admits his guilt waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceedings unless it affected the knowing and voluntary nature of the plea." *State v. DelManzo*, 11th Dist. Lake No. 2009-L-167, 2010-Ohio-3555, ¶35, citing *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 Ohio App. LEXIS 1348, *10-*11 (Mar. 22, 2002). "This waiver applies to a claim of ineffective assistance of counsel, unless the alleged conduct caused the plea not to be knowing and voluntary." *Id.*, citing *Madeline, supra,* at *11.

{¶17} "Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the

5

nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant will be waiving certain constitutional rights by entering his plea." *Madeline* at *11. The record shows the trial court complied with each of these requirements, and appellant's guilty plea was therefore voluntary.

{¶18} As noted above, appellant's claim of ineffective assistance is based on her attorney's alleged failure to tell her that her co-defendants had filed motions to suppress; that he allegedly allowed her to plead guilty before the court ruled on their motions; and that he allegedly failed to advise her that her case was defensible. However, appellant has failed to explain, and we do not discern, how any of these alleged deficiencies relate to whether she understood her trial rights and voluntarily waived them.

{¶19} Further, there are many reasons a criminal defendant may choose to enter a guilty plea, including the certainty of a plea bargain and/or the expectation of a favorable sentence. *State v. Gotel*, 11th Dist. Lake No. 2006-L-015, 2007-Ohio-888, ¶20. Appellant clearly received a benefit from the dismissal of the third-degree felony, the more serious offense, and the prosecutor's agreement to recommend that the court impose community control rather than a prison sentence. This benefit was substantial, given the likelihood of a prison sentence due to appellant's prior criminal record.

{¶20} In view of the foregoing, we agree with the trial court's finding that appellant's guilty plea was knowingly, intelligently, and voluntarily entered.

{¶21} Second, there is no evidence in the record that appellant's guilty plea was induced by counsel's ineffective assistance. It is well settled that a claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence

where the record of the guilty plea shows it was voluntary. *State v. Malesky*, 8th Dist. Cuyahoga No. 61290, 1992 Ohio App. LEXIS 4378, *5 (Aug. 27, 1992); *State v. Kapper,* 5 Ohio St.3d 36, 38 (1983). In *Malesky*, the Eighth District held:

{¶22} A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary. *Id.* at *5.

{¶23} In *Kapper*, the Supreme Court stated:

{¶24} "[A]n allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing." *Id.* at 38, quoting the state's brief with approval.

{¶25} In *State v. Wyley*, 8th Dist. Cuyahoga No. 66163, 1994 Ohio App. LEXIS 4708 (Oct. 20, 1994), the defendant argued his guilty plea was involuntary due to ineffective assistance of counsel in that he pled guilty on his counsel's advice after being falsely told by counsel that his motions to suppress had been overruled. The court

affirmed the conviction, finding that the defendant's allegations were not supported by affidavit or other materials substantial enough to rebut the record which showed his plea was voluntary.

{¶26} Here, the record demonstrates that appellant's guilty plea was voluntary. The record shows that appellant was 26 years old at the time of her plea and that she was not under the influence of drugs or alcohol. The trial court explained the nature of the charge to which she was pleading guilty. The court advised her of the potential maximum sentence. The court also explained the effect of her guilty plea. The court explained to her the various trial rights. The trial court also explained that appellant had the right to file a motion to suppress to challenge any search and seizure conducted in this case. The court explained that by pleading guilty, she would be waiving these rights. Appellant said she was entering her guilty plea "of [her] own free will." She said that no one had made any threats or promises or exerted any pressure on her to enter her plea. Appellant said she had no complaints about how her attorney handled her case and that she had had enough time to talk to him before entering her plea. Appellant said she was "satisfied with [her] attorney's advice, counsel and competence."

{¶27} Appellant's ineffectiveness argument is based on her attorney's alleged failure to advise her that her co-defendants had filed motions to suppress and that her case was defensible. However, there are no affidavits or other evidentiary materials supporting appellant's allegations substantial enough to rebut the record which shows appellant's guilty plea was voluntary.

8

**{¶28}** Because there is nothing in the record to demonstrate what was or was not explained to appellant concerning her co-defendants' motions to suppress, we cannot conclude that counsel's advice or lack thereof was deficient.

**{¶29}** Third, appellant cannot meet the second requirement of the *Strickland* test, i.e., prejudice, because she said she understood the terms of the plea and was satisfied with the representation of her counsel. In *Gotel, supra*, this court held that a defendant cannot meet the second prong of the *Strickland* test where he admits he understood the terms of the plea bargain and was satisfied with the representation of his counsel. *Id.* at ¶22.

**{¶30}** In addition, appellant failed to demonstrate there is a reasonable probability that she would not have pled guilty and would instead have insisted on a trial if her attorney had advised her that her co-defendants had filed motions to suppress and that her case was defensible. *Curd, supra*.

**{¶31}** Further, the failure to suppress evidence has no prejudicial impact upon a conviction based on a guilty plea "because the conviction does not result from the unsuppressed evidence, but from the defendant's admission, by his plea, of the facts alleged in the [indictment]. Thus, a failure to suppress evidence resulting from a deficiency in trial counsel's legal representation will not satisfy the prejudice prong of * * * *Strickland v. Washington, supra*." *See State v. Fitzgerald*, 2nd Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶44. This court followed the Second District's holding in *Fitzgerald* in *State v. Bregitzer*, 11th Dist. Portage No. 2012-P-0033, 2012-Ohio-5586, ¶17.

9

{¶32} We therefore cannot conclude that appellant was prejudiced by any alleged deficient conduct on the part of her counsel.

{¶33} For the reasons stated in this opinion, the assignment of error is not well-taken. It is the judgment and order of this Court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.