[Cite as *State v. Johnson*, 2017-Ohio-2931.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0093** |
| DEBARI Q. JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2015 C 000240.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Katherine E. Rudzik*, 26 Market Street, #904, Youngstown, OH 44503 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Debari Q. Johnson, appeals the trial court's sentencing entry following his guilty plea. We affirm.

{¶2} In February 2016, Johnson was indicted and charged with nine offenses. He initially pleaded not guilty, but later pleaded not guilty by reason of insanity. His evaluation, however, opined that he was not legally insane at the time of the offenses.

**{¶3}** In July 2016, Johnson pleaded guilty to aggravated robbery with a gun specification, kidnapping, and having a weapon under a disability. The remaining charges were dismissed. The trial court sentenced him to a total of seventeen years in prison.

**{¶4}** His sole assignment of error asserts:

**{¶5}** "The defendant received ineffective assistance of counsel."

**{¶6}** The U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984), established the two-prong test for courts to employ upon assessing ineffective assistance of counsel claims: "[T]he defendant must [first] show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688. "[Second, t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989) paragraphs two and three of the syllabus.

**{¶7}** Reviewing courts are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and we must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 689-690.

**{¶8}** Johnson first alleges he was denied the effective assistance of counsel based on his attorney's unclear explanation of the potential penalties he faced and since his counsel intimated that the state would recommend concurrent sentences. As a result of the charged deficiencies, Johnson states his plea was not entered knowingly.

2

{¶9} However, these allegations are not based on evidence in the record, and as such, are improperly raised in a direct appeal. *State v. Rodriguez*, 12th Dist. Butler No. 2001-04-077, 2002-Ohio-3978, ¶34, citing *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (1980). Instead, allegations based on evidence outside the record must be brought in a proceeding for postconviction relief. *Id.*

{¶10} Furthermore, contrary to Johnson's claims that he was misled or confused as to the potential penalties he faced, the record shows otherwise. Johnson's written guilty plea sets forth the potential penalty range for each of the offenses and the firearm specification to which he pleaded guilty. It likewise states that no promises were made to him that are not in the written plea agreement. It also states that the court could impose consecutive sentences and that Johnson was facing a maximum prison term of 26 years.

{¶11} Thereafter, the state filed its sentencing memorandum and requested consecutive sentences totaling 20 years. Johnson did not object. At his sentencing hearing, the state sought consecutive sentences totaling 20 years. He did not object or question its recommendation as contrary to their alleged agreement.

{¶12} Accordingly, Johnson fails to establish that his counsel was deficient.

{¶13} Next Johnson claims his counsel's performance was below an objective standard of reasonableness based on his failure to challenge Johnson's competency to enter a guilty plea.

{¶14} "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial. *Godinez v. Moran,* 509 U.S. 389, 396, 398–399, 113 S.Ct. 2680, 125 L.Ed.2d 321

3

(1993). The defendant must have a ' "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and [have] "a rational as well as factual understanding of the proceedings against him." ' *Id.* at 396, 113 S.Ct. 2680, quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Further, '[i]n addition to determining that a defendant who seeks to plead guilty * * * is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary.' *Id.* at 400, 113 S.Ct. 2680. And it is a matter of statutory and decisional law that '[t]he fact that a defendant is taking antidepressant medication or prescribed psychotropic drugs does not negate his competence to stand trial.' *Ketterer,* 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 71; *see also Mink,* 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, at ¶ 38, citing R.C. 2945.37(F)." *State v. Montgomery*, __ Ohio St.3d __, 2016-Ohio-5487, ¶56, *reconsideration granted in part,* 147 Ohio St.3d 1438, 2016-Ohio-7677, 63 N.E.3d 157.

{¶15} As Johnson contends, his attorney did not request an evaluation of his competency to enter the guilty plea. Notwithstanding, nothing in the record indicates that Johnson failed to understand the proceedings or was incapable of understanding his conversations with his attorney. During his plea hearing, Johnson answered the court's questions. He also agreed that his attorney explained the options of proceeding to trial and what a plea agreement entailed. Johnson personally asked the court whether a presentence investigation is mandatory, and he later said he had no other questions. Johnson subsequently told the court that there was nothing that the court explained that he did not understand, and he told the court that he graduated from

4

college after taking "special classes." Finally, Johnson confirmed that he was taking his prescribed medications, which do not impair his ability to understand or communicate.

{¶16} The trial court's judgment accepting Johnson's guilty plea likewise indicates that it accepted Johnson's plea "after addressing the defendant personally and determining that he was making his plea knowingly and voluntarily, with understanding of the nature of the charges and the maximum penalty involved, determining that he understood the effect of his plea * * *."

{¶17} Thus, nothing reflects that Johnson's counsel's performance fell below an objective standard of reasonableness in not challenging his capacity to enter a guilty plea.

{¶18} Johnson's sole assignment of error lacks merit and is overruled, and the trial court's decision is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.