[Cite as *State v. Byas*, 2022-Ohio-1814.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-064 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DE'ONTAY BYAS, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 000013 |

## O P I N I O N

Decided: May 31, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor; *Kristi L. Winner* and *Teri R. Daniel*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Thomas Rein*, 820 Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, De'Ontay Byas ("Mr. Byas"), appeals from the judgment of the Lake County Court of Common Pleas, which accepted his guilty plea to attempted failure to comply with an order or signal of a police officer and sentenced him to serve 12 months in prison consecutively to a sentence he was already serving.

{¶2} Mr. Byas raises two assignments of error, arguing that his counsel was ineffective, resulting in an involuntary plea, and that the trial court failed to make consecutive sentence findings pursuant to R.C. 2929.14(C)(4).

**{¶3}** After a careful review of the record and pertinent law, we find Mr. Byas' assignments of error to be without merit. Firstly, the record reveals Mr. Byas' plea was voluntarily made. Without more than bare allegations, he has failed to demonstrate his counsel was deficient and that, but for his counsel's performance, the outcome would be different. Secondly, a review of the sentencing hearing transcript and the sentencing judgment entry reveals the trial court made the appropriate R.C. 2929.14(C)(4) findings when it ordered Mr. Byas to serve his sentence consecutively to the sentence he was already serving.

**{¶4}** The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

**{¶5}** In January 2020, a Lake County Grand Jury charged Mr. Byas with failure to comply with an order or signal of a police officer, a third-degree felony, in violation of R.C. 2921.331(B).

**{¶6}** Mr. Byas withdrew his not guilty plea at a change of plea hearing and agreed to plead guilty to the lesser included offense of attempted failure to comply with order or signal of a police officer, a fourth-degree felony, in violation of R.C. 2923.02 and R.C. 2921.331(B).

**{¶7}** Prior to accepting Mr. Byas' plea, the trial court engaged him in a Crim.R. 11 colloquy to ensure that he knew and understood the constitutional rights he was waiving, the consequences of his guilty plea, the maximum penalty he could receive, and that he was making the plea voluntarily, knowingly, and intelligently. In doing so, the trial court informed Mr. Byas that it could impose a consecutive sentence to the prison

2

sentence he was currently serving and that his driver's license could be suspended for three years to life.

{¶8} The prosecutor stated the following factual basis for the charge for the record: On September 7, 2019, shortly before 10:00 p.m., a Mentor Police Department Officer was watching traffic when he observed a black Buick Regal going southbound on Reynolds Road in Mentor, Ohio. He could see the driver was a young, black male. The officer pulled out behind the vehicle and observed the driver fail to use his turn signal until he was well into the intersection. The officer was about to conduct a traffic stop when he became trapped behind some traffic. When he was able to get back behind the vehicle, the officer turned on his lights. The vehicle did not attempt to slow or stop; rather, it sped up as if fleeing the officer. The vehicle went through a red light, and the officer continued to follow him. The vehicle's speed approached 60 mph in a 25 mph zone. There was moderate traffic. Based on safety concerns, the officer stopped any pursuit. He radioed the direction of travel, observing the vehicle turn westbound on Rt. 2. He was able to get the license plate number and discovered the name of the owner of the vehicle, who lived in Heatherstone Apartments in Mentor, Ohio. As he was driving to the owner's apartment, he heard from dispatch that the Wickliffe Police Department had observed the vehicle going westbound on Rt. 2 at over 100 mph. They did not pursue.

{¶9} The owner of the vehicle advised that an individual with whom he worked had asked if a cousin could borrow the vehicle. After receiving a message from Mr. Byas with a picture of his driver's license, the owner let Mr. Byas borrow his vehicle. The officer ran the picture of Mr. Byas' license through LEADS (Law Enforcement Automated Data System), saw Mr. Byas' BMV photo, and recognized that he had dealt with Mr. Byas

3

before and that Mr. Byas was the driver of the vehicle he was following. Based on this, a warrant was issued and, eventually, Mr. Byas was arrested.

{¶10} Mr. Byas confirmed the facts were true for the court and admitted that when the officer attempted to stop him, he fled. He disputed how fast he was driving, however, and told the court he was driving 30-40 mph in the city and 60 mph on the freeway.

{¶11} The court asked Mr. Byas if he operated the vehicle in such a way as to create a substantial risk of physical harm either to persons or to property, to which Mr. Byas affirmatively answered, "Yeah."

{¶12} Mr. Byas pleaded guilty to the lesser included offense of attempted failure to comply with the order or signal of a police officer, a fourth-degree felony, and signed a written plea of guilty. The court accepted Mr. Byas' written plea of guilty.

{¶13} Mr. Byas waived his right to a presentence report, and the case proceeded to sentencing. Defense counsel and Mr. Byas spoke on his behalf, urging the court to consider a six-month sentence concurrent to the sentence he was currently serving in Cuyahoga County. The state argued that Mr. Byas should receive a harsher sentence since he had created a danger to the public and himself; he had an extensive criminal history; and he was on probation when he committed the offense.

{¶14} After the court considered all of the statutory factors pursuant to R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13 and the fact that Mr. Byas was currently serving a sentence, he found Mr. Byas unamenable to community control and sentenced him to a 12-month prison sentence. The court ordered the sentence to be served consecutively to the sentence he was already serving, stating that "consecutive sentences are necessary to protect the public from future crime by you and to punish you and that the

4

consecutive sentence is not disproportionate to the seriousness of your conduct and the danger you posed to the public. And your history of criminal conduct indicates that consecutive sentences are necessary to protect the public." The court also ordered a mandatory driver's license suspension of three years and informed Mr. Byas of post-release control.

{¶15} Relevant to this appeal, the sentencing judgment entry states that "[p]ursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public; and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant."

{¶16} Mr. Byas, pro se, filed a notice of appeal with an attached "brief." We construe from his list of "possible issues" that he is raising an ineffective assistance of counsel claim that rendered his guilty plea involuntary. We subsequently appointed counsel to file a supplemental brief and granted the state additional time to file a supplemental answer brief. Thus, in addition to Mr. Byas' pro se ineffective assistance of counsel claim, he also assigns the following error:

{¶17} "The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

**Ineffective Assistance of Counsel**

{¶18} "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an

5

Case No. 2021-L-064

objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000); *see Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶19}** According to the Supreme Court of the United States, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *see State v. Spates*, 64 Ohio St.3d 269, 271-273, 595 N.E.2d 351 (1992) (applying this holding).

**{¶20}** Thus, this court has held that "[a] plea of guilty waives the right to appeal issues of counsel's purported ineffectiveness, unless the alleged ineffective assistance caused the guilty plea to be involuntary." *State v. Muhammad*, 11th Dist. Geauga No. 2014-G-3182, 2014-Ohio-5771, ¶ 41.

**{¶21}** As our review of the change of plea hearing and Mr. Byas' written plea of guilty reveals, the record demonstrates he voluntarily pleaded guilty. Mr. Byas understood the charges against him, including the lesser offense to which he was pleading guilty, and the potential sentence, which carried the possibility of a consecutive sentence and a mandatory driver's license suspension. He was 22 years old and not

6

under the influence of drugs or alcohol. When asked by the trial court whether he had been "threatened, coerced, or tricked in any way to plead guilty," he responded, "No, sir." He also affirmed he was satisfied with the representation of his counsel.

{¶22} Further, after the trial court engaged him in a Crim.R. 11 colloquy, he waived his trial rights. In addition, he received the benefit of his bargain and was convicted of the lesser included offense of attempted failure to comply with an order of signal of a police officer, which is a fourth-degree felony, instead of a third-degree felony, and carries a lesser sentence.

{¶23} Mr. Byas lists as "possible issues" under his ineffective assistance of counsel claim that: his counsel threatened to withdraw from the case, "pressed plea to cover up poor preparation", failed to disclose the elements of the crime, failed to prepare a defense, and misstated concurrent sentencing.

{¶24} Initially and most fundamentally, allegations that are not based on evidence in the record are improperly raised in a direct appeal. *State v. Johnson*, 11th Dist. Geauga No. 2016-G-0093, 2017-Ohio-2931, ¶ 9. Instead, allegations based on evidence outside the record must be brought in a proceeding for postconviction relief. *Id.*

{¶25} Further, the record of Mr. Byas' change of plea hearing undermines his claims of ineffective assistance of counsel because the trial court ensured Mr. Byas understood the effects of a guilty plea, explained the elements of the crime (to which Mr. Byas admitted the underlying facts), and explained concurrent versus consecutive sentencing. *See State v. Talley*, 11th Dist. Lake Nos. 2017-L-143 and 2017-L-144, 2018-Ohio-5065, ¶ 40.

7

{¶26} Moreover, Mr. Byas answered affirmatively that he was satisfied with his representation. Without more than bare allegations, he has failed to demonstrate that his counsel was deficient and that, but for his counsel's performance, the outcome would be different. "'A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary.'" *State v. Strong*, 11th Dist. Ashtabula No. 2013-A-0003, 2013-Ohio-5189, ¶ 22, quoting *State v. Malesky*, 8th Dist. Cuyahoga No. 61290, 1992 WL 209589, *2 (Aug. 27, 1992).

{¶27} Mr. Byas' first assignment of error is without merit.

### Consecutive Sentences

{¶28} In his second assignment of error, Mr. Byas contends the trial court erred by ordering consecutive sentences without making the required findings pursuant to R.C. 2929.14.

{¶29} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. That provision states:

{¶30} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶31} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not

8

Case No. 2021-L-064

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶32}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶33}** "(b) That the sentence is otherwise contrary to law."

**{¶34}** "Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

**{¶35}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶36}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

9

{¶37} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶38} "[T]o impose consecutive terms of imprisonment a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." (Emphasis sic). *State v. Ferrell*, 11th Dist. No. 2017-P-0069, 2019-Ohio-836, ¶ 37-38, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, citing R.C. 2929.14(C)(4).

{¶39} As our review of the sentencing hearing and sentencing judgment entry indicates, the trial court made all of the findings required by R.C. 2929.14(C)(4). Thus, pursuant to R.C. 2929.14(C), the trial court found that consecutive sentences were "necessary to protect the public from future crime or to punish the defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public." R.C. 2929.14(C)(4). Lastly, the trial court found that factor R.C. 2929.14(C)(4)(c) was present, i.e., "the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant."

{¶40} Mr. Byas' second assignment of error is without merit.

{¶41} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

10

Case No. 2021-L-064