[Cite as *State v. Dempsey*, 2025-Ohio-1596.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0099 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| RYAN J. DEMPSEY, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00229 |

## OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Joseph J. Loftus*, Andrews & Pontius, LLC, 4810 State Road, P.O. Box 10, Ashtabula, OH 44005 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Ryan J. Dempsey, appeals the judgment of the Ashtabula County Court of Common Pleas that sentenced him for attempted unlawful sexual conduct with a minor and importuning. Dempsey contends that were it not for the ineffectiveness of his retained counsel, he would not have pleaded guilty. We affirm.

{¶2} In May 2024, an Ashtabula County Grand Jury indicted Dempsey on four counts: (1) attempted unlawful sexual conduct with a minor, a third-degree felony, in violation of R.C. 2923.02, 2907.04(A) and (B)(4); (2) importuning, a fourth-degree felony, in violation of R.C. 2907.07(E)(2) and (G)(4); (3) possessing criminal tools, a fifth-degree

felony, in violation of R.C. 2923.24(A) and (C); and (4) disseminating matter harmful to juveniles, a fifth-degree felony, in violation of R.C. 2907.31(A)(1) and (F).

**{¶3}** Dempsey pleaded not guilty at his arraignment.

**{¶4}** In September 2024, Dempsey agreed to plead guilty to the first two counts of the indictment: attempted unlawful sexual conduct with a minor and importuning. In exchange, the State agreed to dismiss the remaining counts. Dempsey signed a written plea agreement, and the plea hearing followed.

**{¶5}** The trial court asked Dempsey's counsel if he had enough time to review and explain the written plea to Dempsey, the constitutional rights Dempsey would be waiving, and any discovery information. The court also asked if counsel was satisfied Dempsey understood the plea agreement and his constitutional rights. Dempsey's counsel affirmatively answered each of the trial court's inquiries. The court then inquired of Dempsey whether he understood the nature of the charges against him, had enough time to talk with his counsel, and was satisfied with his counsel. After Dempsey responded "yes" to the court's questions, the court engaged Dempsey in a Crim.R. 11(C)(2) colloquy. The court reviewed the nature of the charges, the maximum penalty involved, the possibility of community control, the effects of a guilty plea, and the constitutional rights Dempsey would be waiving. The court also informed Dempsey of the requirements of post-release control. When accepting Dempsey's signed written plea form, the court ensured Dempsey signed it voluntarily, he reviewed it with his attorney, and he had no questions concerning the plea form and/or his constitutional rights.

**{¶6}** The State recited the factual basis for the charges on the record:

> This is a case where State Troopers had posed online in an undercover capacity as a juvenile on a popular social media

Case No. 2024-A-0099

application. While on that application, the defendant had made contact with an undercover State Trooper and engaged in certain conversation.

During that conversation, Your Honor, the defendant had requested sex from the juvenile and sent nude images to the undercover trooper. He also travelled and attempted to meet up with the undercover trooper that he believed to be a child. So the Court is correct with respect to the defendant's prior history with these types of offenses. And as I indicated before previously, Your Honor, the victim as it relates to this, would have been a trooper posing as a minor. There is no direct minor or actual victim as it relates to this particular offense.

{¶7} After accepting Dempsey's guilty pleas, the trial court set the matter for a presentence investigation and a sentencing hearing.

{¶8} At the sentencing hearing, the trial court sentenced Dempsey to a 48-month term of imprisonment on count one, attempted unlawful sexual conduct with a minor, to be served concurrently with a 16-month term of imprisonment on count two, importuning, for a total 48-month term of imprisonment.

{¶9} Dempsey raises one assignment of error for our review:

{¶10} "The trial court erred when it accepted Appellant's guilty plea because Appellant received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment Rights and as a result Appellant's guilty plea was not made knowingly and voluntarily."

{¶11} In his sole assignment of error, Dempsey contends that due to the ineffective assistance of his trial counsel, he was not "fully aware of his plea agreement" and he did not understand the rights he was waiving.

{¶12} In the context of a guilty plea, the standard of review for ineffective assistance of counsel is whether (1) counsel's performance was deficient and (2) the

defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error, the defendant would not have pleaded guilty. *State v. Hess*, 2019-Ohio-4223, ¶ 46 (11th Dist.). The burden of proving ineffective assistance of counsel falls upon the defendant. *Id.*

{¶13} "'The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between the guilty plea and the ineffective assistance.'" (Emphasis sic.) *Id.* at ¶ 47, quoting *State v. DelManzo*, 2010-Ohio-3555, ¶ 33 (11th Dist.). "'Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily.'" (Citation omitted.) *Id.*, quoting *DelManzo* at ¶ 33.

{¶14} Nothing in the record suggests that Dempsey was coerced into involuntarily pleading guilty or that his plea was unknowingly made. Dempsey never expressed confusion, nor did he ask any questions during the hearing. He expressed satisfaction with his retained counsel and affirmatively answered all the court's questions, which included acknowledging that he understood the effects of his guilty plea and the constitutional rights he was waiving.

{¶15} Dempsey attached to his appellate brief an unauthenticated undated copy of a letter that was addressed to his trial counsel discussing a possible plea deal. The letter opens with Dempsey stating, "I know the prosecutor said they want me to take the F3 and they will drop the others, but I truly think the opposite should happen." Dempsey further explained his intentions prior to setting up a meeting with the "victim." He pasted a text message conversation between him and the "victim" to the bottom of the letter.

Case No. 2024-A-0099

{¶16} Fundamentally, even if we were to construe this letter as "evidence," it is improperly raised in a direct appeal; allegations based on evidence outside the record must be brought in a proceeding for postconviction relief. *State v. Byas*, 2022-Ohio-1814, ¶ 24 (11th Dist.). Further, this letter is irrelevant to Dempsey's argument that his plea was entered involuntarily due to his counsel's ineffectiveness.

{¶17} In sum, Dempsey has asserted nothing beyond a bare allegation that his plea was made involuntarily due to the ineffectiveness of his retained counsel. Because he has failed to demonstrate that his counsel was deficient and that, but for his counsel's performance, the outcome would have been different, Dempsey's assignment of error is without merit.

{¶18} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0099

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0099